IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNAY BRADFORD | : | |
| 10916 Nandina Court | : | |
| Philadelphia, PA 19116 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | DOCKET NO.: |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| TORRID LLC. | : | |
| 2300 Lincoln Highway, SP 2115 | : | |
| Langhorne, PA 19047 | : | |
| and | : | |
| TORRID HOLDINGS, INC. | : | |
| d/b/a TORRID | : | |
| 18501 East San Jose Avenue | : | |
| City of Industry, CA 91748 | : | |
| | : | |
| Defendants. | : | |
| | : | |

**CIVIL ACTION COMPLAINT**

Johnnay Bradford (hereinafter referred to as "Plaintiff," unless indicated otherwise), by

and through her undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1.       This action has been initiated by Plaintiff against Torrid LLC and Torrid Holdings

Inc. d/b/a Torrid for violations of the Americans with Disabilities Act, as amended ("ADA" - 42

U.S.C. §§ 12101 *et. seq.*), Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§

2000e *et seq.*), the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §2601 *et. seq.*), and the

Pennsylvania Human Relations Commission ("PHRA").[1] Plaintiff asserts, *inter alia*, that she was

---

[1] Plaintiff will move to amend the instant Complaint to include violations of the PHRA after full administrative exhaustion before the Pennsylvania Human Relations Commission ("PHRC"). Such claims will identically mirror Plaintiff's federal claims asserted herein under the ADA.

unlawfully terminated from Defendants. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because this action arises under federal law and seeks redress for violations of civil rights under Title VII, the ADA, and the FMLA.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

1. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

2. Plaintiff is an adult individual who resides in Pennsylvania, with an address as set forth in the caption.

3. Defendant Torrid LLC is a limited liability that maintains a business location at 2300 Lincoln Highway, SP-2115, Langhorne, Pennsylvania 19047.

4. Defendant Torrid Holdings, Inc. is a Delaware corporation with its principal place of business at 18501 E. San Jose Avenue, City of Industry, California 91748.

5.      Defendant Torrid Holdings Inc. operates "Torrid" retail stores and e-commerce services throughout the United States, including the site in Pennsylvania where Plaintiff was assigned to work.

6.      Torrid LLC is a wholly-owned subsidiary of Torrid Holdings Inc.

7.      Torrid Holdings Inc. and Torrid LLC are referred to collectively as "Torrid" or "Defendants" for purposes of this Complaint.

8.      Though Plaintiff was paid by Torrid LLC, upon information and belief, Torrid Holdings Inc. operates as the centralized employer for all Torrid store locations throughout the United States, setting policies, providing Regional Management oversight, Human Resources support, and assisting with managing and administering employee benefits.

9.      Thus, Defendants at all times were properly considered Plaintiff's joint and/or integrated employer.

10.     At all relevant times, Plaintiff worked at Torrid's Langhorne, Pennsylvania retail location, situated within the Oxford Valley Mall.

11.     At all times relevant herein, Defendants acted by and through its agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

12.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13.     Plaintiff was hired by Defendants as the Store Manager of Torrid's Langhorne, Pennsylvania retail location within the Oxford Valley Mall on or about November 15, 2021, and worked at that location for approximately three (3) years.

14.     At all relevant times, Plaintiff reported to District Manager Tamyra Washington ("Washington"), who assumed responsibility for Plaintiff's district in or around September 2023.

15.     Throughout her employment, Plaintiff was viewed as an exemplary manager with a stellar record and consistently performed her job duties well.

16.     In 2023, Plaintiff became pregnant; beginning in late November 2023 and continuing through approximately February 2024, Plaintiff sought and was approved for leave under the Family and Medical Leave Act ("FMLA") for the birth of her child.

17.     Plaintiff's daughter was born with significant health complications.

18.     After Plaintiff exhausted her 12-week FMLA entitlement, she requested and was approved for additional unpaid medical leave through approximately April–May 2024.

19.     Plaintiff returned to work for a few months until July 2024, when her mother passed away.

20.     As a result of her daughter's ongoing health problems, the trauma of her mother's death, and related life circumstances, Plaintiff herself experienced anxiety, panic, depression, and other health issues.

21.     Thereafter, for her own medical conditions, Plaintiff applied and was approved for approximately one (1) month of medical leave during July–August 2024.

22.     After returning from leave in August 2024, she worked continuously through mid-November 2024.[2]

23.     Upon Plaintiff's return from maternity-related leave and the July–August 2024 leave, Washington's treatment of Plaintiff changed dramatically.

---

[2] With the exception of a few days Plaintiff took off in September of 2024 for her daughter's ongoing medical conditions.

24.     Over the last approximate (6) six months of Plaintiff's employment, Washington became condescending, scrutinized Plaintiff harshly, accused her of errors she did not commit, and fabricated reasons to admonish or discipline her, creating a hostile work environment.

25.     Washington expressed frustration and disapproval about Plaintiff's prior maternity and medical leave, commenting that Plaintiff had been "out too long," that "things need to be fixed," and repeatedly conveying irritation about the inconvenience of Plaintiff's protected leave. Plaintiff understood these remarks as reflecting discriminatory animus and retaliatory motive based on her past pregnancy-related and FMLA-protected absences.

26.     Washington also discriminated against Plaintiff based on Plaintiff's association with her disabled daughter.

27.     Though Plaintiff was transparent about her daughter's significant medical issues, Washington repeatedly suggested that Plaintiff was "distracted" or would be "missing too much time," despite Plaintiff's strong performance and despite the fact that she only missed occasional time.

28.     Washington simply assumed Plaintiff was incapable of performing the store manager role because of her daughter's disability and the potential need for future care-related absences.

29.     When Plaintiff informed Washington that she herself was struggling with anxiety and depression due to life circumstances, Washington was dismissive and unsympathetic.

30.     Plaintiff firmly believed Washington had already decided that Plaintiff was no longer "a good fit" because of her health conditions, based upon Washinton's objective commentary and demeanor.

31.    Upon her return from protected maternity- and medical-related leave, Plaintiff received a negative performance review, despite the fact that the store had been severely neglected, understaffed, and mismanaged during the months when she was out on leave.

32.    Plaintiff's manager was intentionally holding Plaintiff responsible for conditions created during her protected leave, which in and of itself was discriminatory and retaliatory.

33.    In late August 2024, Plaintiff was placed on a Performance Improvement Plan ("PIP") containing vague allegations that she needed to "hold [her] team accountable." The PIP lacked specific examples and did not identify any errors attributable to Plaintiff. Plaintiff even expressed concern that she was being blamed for store-level issues that arose and were neglected during her protected leave. She signed the PIP in hopes of reducing hostility.

34.    Between October and November 2024, Plaintiff informed Washington that she would soon be eligible to reapply for FMLA on an intermittent basis because of her daughter's continuing medical needs. Washington reacted with visible anger and responded, "So you will be missing even more time?" Plaintiff was terminated shortly thereafter, on or about November 11, 2024, just before Plaintiff became FMLA-eligible again. [3]

---

[3] The Third Circuit has held that it may constitute **_both_** an interference violation and/or retaliation to terminate an employee for requesting FMLA leave. *See Erdman v. Nationwide Ins. Co.,* 582 F.3d 500, 509 (3d Cir. 2009) (holding that terminating an employee for requesting FMLA leave constitutes both interference and retaliation violations of the FMLA); *see also Brown v. Children's Hosp. of Phila*., 2013 U.S. Dist. LEXIS 12103, at *14-16 (E.D. Pa. Jan. 29, 2013) (*citing Erdman* in denying summary judgment on a plaintiff's interference claim separately from her retaliation claim when the plaintiff argued that her termination prevented her from taking anticipated FMLA leave for her son which was not actually scheduled); *see also* Third Circuit Model Jury Instructions Commentary, at Instruction 10.1.1 ("[F]iring an employee for [making] a valid request for FMLA leave may constitute interference with the employee's FMLA rights as well as retaliation against the employee"); *Hayduk v. City of Johnstown*, 386 F. App'x 55, 59 (3d Cir. 2010)("In light of *Erdman,* we will assume for the sake of argument that Hayduk is correct that the District Court improperly restricted him to a single theory of recovery to the extent his FMLA claim was predicated on his allegedly unlawful termination," while deciding the case on other grounds); *Thomas v. St. Mary Med. Ctr*., 22 F. Supp. 3d 459, 473 (E.D. Pa. 2014)( To  begin with, there is no distinct claim for "wrongful discharge" under the FMLA. . . . .There are two theories of liability against employers for alleged interference with employee rights under the FMLA, and they are set forth in § 2615(a). An employee alleging discharge in violation of the FMLA may proceed under both an interference and retaliation theory. *Hayduk*, 386 Fed. Appx. at 59; *Erdman*, 582 F.3d at 509)(internal citations in original).

35.     On November 11, 2024, Plaintiff was informed she was being terminated for an alleged violation relating to another employee's cell-phone use. This rationale had never been mentioned prior to Plaintiff's stating she would be pursuing additional FMLA leave.

36.     At Plaintiff's subsequent unemployment compensation hearing, Defendants shifted its explanations for termination, claiming for the first time that *Plaintiff* was utilizing her cell phone in the workplace (for an incident that purportedly occurred weeks prior to the termination notice).

37.     During the April 24, 2025 unemployment hearing, the Pennsylvania Department of Labor found against Defendants, concluding that Defendants failed to show any prior warnings issued for such a simple workplace infraction, nor did it find any willful misconduct.

38.     Plaintiff was terminated because of a discriminatory animus harbored based on her pregnancy leave, her own disability disclosures and leave request, her association with a disabled family member, and/or in retaliation for pursuing FMLA-protected leave.

39.     Plaintiff has properly exhausted administrative remedies to pursue claims under the ADA and Title VII as she timely filed a charge of discrimination with the EEOC, received notice of her right to sue and pursued the instant suit within 90 days thereof.

### Count I
### Violations of the Americans with Disabilities Act, as Amended ("ADAAA")
### ([1] Associational Disability Discrimination; [2] Disability Discrimination and [2] Retaliation)

40.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41.     Both Plaintiff and her daughter suffer from disabilities as that term is defined by the ADAAA.

42.    Plaintiff's daughter had suffered from a significant brain bleed, was on a feeding tube and actually required a home care nurse due to her disabilities.

43.    Plaintiff required a block medical leave of absence for both her daughter's medical needs, and then her own medical needs (for mental health reasons, described *supra*).

44.    Plaintiff consistently informed Defendants' management, including Washington, of her daughter's medical problems and need for some occasional time off required to care for her daughter.

45.    Throughout 2024, Washington repeatedly expressed frustration, irritation, and disapproval about Plaintiff's daughter's medical issues, suggesting that Plaintiff was "distracted," that she would be "missing too much time," and that she could not manage the store because of her daughter's disabilities and anticipated caregiving needs.

46.    Moreover, Plaintiff was struggling with her own medical condition, which she disclosed to Washington, and was met with significant hostility and scrutiny of her work performance.

47.    Plaintiff engaged in protected activity when she requested reasonable medical accommodations for her own disabilities and when she opposed the mistreatment she was experiencing from Washinton to Defendants' Human Resources Department.

48.    Shortly after engaging in this protected activity, Defendants terminated Plaintiff's employment and offered shifting, inconsistent, and false explanations for the separation.

**Count II**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Interference & Retaliation)**

49.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

50.     Plaintiff was an eligible employee under the FMLA, having worked for Defendants for more than twelve months and having exceeded 1,250 hours of service in the twelve months preceding her request for leave. 29 U.S.C. § 2611(2)(A).

51.     Defendants are a covered employer under the FMLA, employing fifty (50) or more employees for each working day during twenty (20) or more workweeks in the current or preceding calendar year. 29 U.S.C. § 2611(4)(A)(i).

52.     Plaintiff was entitled to take up to twelve (12) workweeks of FMLA leave, including intermittent leave, due to her daughter's serious health conditions and due to her own serious health conditions. 29 U.S.C. § 2612(a)(1), (b)(1).

53.     Defendants' manager (Washington) exhibited significant animosity for Plaintiff after Plaintiff pursued a block FMLA absence for her pregnancy, and continued to express significant frustration and overt anger when Plaintiff mentioned she was going to become re-eligible for FMLA in the time frame preceding her termination.

54.     Shortly after Plaintiff informed Washington that she would soon be eligible to reapply for intermittent FMLA leave to care for her daughter, Washington reacted with visible anger.

55.     Plaintiff was terminated days later, on or about November 11, 2024.

56.     Defendants' conduct constitutes interference and retaliation in violation of the FMLA.

**Count III**
**Violations of Title VII of the Civil Rights Act of 1964**
**(Pregnancy Discrimination & Hostile Work Environment)**

57.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

9

58.     Plaintiff took maternity-related leave in 2024 following the birth of her child. This leave was protected under Title VII, as amended by the Pregnancy Discrimination Act ("PDA").

59.     Upon Plaintiff's return from maternity-related leave, Defendants, through Washington, treated Plaintiff less favorably than similarly situated employees who had not taken maternity leave.

60.     To wit, Washington scrutinized Plaintiff harshly, made condescending remarks, and attributed store-related problems—which arose while Plaintiff was on protected leave—to Plaintiff personally.

61.     Washington expressed irritation and disapproval about Plaintiff's maternity-related leave, stating that Plaintiff had been "out too long," that "things need to be fixed," and otherwise conveying hostility toward Plaintiff's maternity leave.

62.     Shortly after Plaintiff returned from maternity-related leave, Defendants issued Plaintiff a negative performance review based on store conditions that deteriorated during Plaintiff's leave.

63.     Defendants' actions toward Plaintiff following her maternity-related leave, including creating a hostile work environment, constitute discrimination based on sex (pregnancy) in violation of Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendants are to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B.     Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for

Defendants' illegal actions, including but not limited to back pay, front pay, salary pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.      Plaintiff is to be awarded punitive and/or liquidated damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for its willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F.      Plaintiff is to be given a jury trial as demanded in the caption of this Complaint. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: November 26, 2025

11

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Johnnay Bradford | : | CIVIL ACTION |
| v. | : | |
| Torrid LLC., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (x )

| | | |
|---|---|---|
| 11/26/2025 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

10/2024

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM

Place of Accident, Incident, or Transaction: <u>Defendants place of business</u>

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1.  Does this case involve property included in an earlier numbered suit?                                          Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?          Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5.  Is this case related to an earlier numbered suit even though none of the above categories apply?               Yes ☐
    If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.   *Federal Question Cases:***

- ☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2.  FELA
- ☐ 3.  Jones Act-Personal Injury
- ☐ 4.  Antitrust
- ☐ 5.  Wage and Hour Class Action/Collective Action
- ☐ 6.  Patent
- ☐ 7.  Copyright/Trademark
- ☐ 8.  Employment
- ☐ 9.  Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.   *Diversity Jurisdiction Cases:***

- ☐ 1.  Insurance Contract and Other Contracts
- ☐ 2.  Airplane Personal Injury
- ☐ 3.  Assault, Defamation
- ☐ 4.  Marine Personal Injury
- ☐ 5.  Motor Vehicle Personal Injury
- ☐ 6.  Other Personal Injury *(Please specify)*:_____
- ☐ 7.  Products Liability
- ☐ 8.  All Other Diversity Cases: *(Please specify)*_____
       _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

### ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)

I certify that, to the best of my knowledge and belief:

☒   Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐   None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BRADFORD, JOHNNAY

**DEFENDANTS**
TORRID LLC., ET AL.

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
   *(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☐ 4 Diversity
   *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601); Title VII (42USC2000)
Brief description of cause:
Violations of the ADA, FMLA, Title VII and the PHRA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE    11/26/2025
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  _____    AMOUNT  _____    APPLYING IFP  _____    JUDGE  _____    MAG. JUDGE  _____